IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEFFERY SCOTT McCARTER, # 176854, )<br>  )<br> Petitioner, )<br>  )<br>v. )<br>  )<br>WALTER MYERS, *et al.*, )<br>  )<br> Respondents. ) | Civil Action No. 1:18cv175-WHA<br>(WO) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Jeffery Scott McCarter is a state inmate confined at the Easterling Correctional Facility in Clio, Alabama. Through a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1), McCarter challenges his 2011 Houston County conviction for second-degree rape, for which he was sentenced as a habitual offender to 30 years' imprisonment. McCarter presents claims of ineffective assistance of counsel, alleges a *Batson*[1] violation in the selection of his jury, and argues that the trial court erred in failing to instruct the jury on lesser-included offenses. Doc. No. 1 at 5–10. For the reasons that follow, it is the recommendation of the Magistrate Judge that McCarter's § 2254 petition be dismissed.

### **DISCUSSION**

This court's records indicate that McCarter has previously filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his 2011 second-degree rape conviction and 30-year sentence. The instant § 2254 petition represents McCarter's second attempt in this

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).

court at challenging that conviction and sentence. McCarter's prior § 2254 petition, which he filed in this court in July 2013, was denied and dismissed with prejudice on October 8, 2015.[2] *See McCarter v Sconyers, et al.*, Civil Action No. 1:13cv500-WHA (M.D. Ala. 2015).

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[3] 28 U.S.C. § 2244(b)(3)(B) & (C).

---

[2] In his § 2254 petition of July 2013, McCarter claimed that the trial court denied his right to present a defense when it granted the State's motion in limine to exclude evidence McCarter said would have demonstrated the victim's motive for fabricating allegations against him. *See* Civil Action No. 1:13cv500, Doc. No. 1 at 5.

[3] Section 2244(b)(1) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

McCarter furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this court to proceed on his successive petition for habeas relief.[4]  "Because this undertaking [is a successive] habeas corpus petition and because [McCarter] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).  *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the court of appeals authorizing the district court to consider a successive habeas petition, the district courts lack jurisdiction to consider the petition).  Consequently, the instant petition for writ of habeas corpus should be denied and this case summarily dismissed.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that McCarter's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED in

---

(A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

[4] Review of the Eleventh Circuit's docket on the Public Access to Court Electronic Records ("PACER") system indicates that on April 11, 2016, McCarter filed an application with the Eleventh Circuit seeking an order authorizing this court to consider a second or successive § 2254 petition for writ of habeas corpus.  *See In re: Jeffery McCarter*, Court of Appeals Docket No. 16-11612.  The Eleventh Circuit denied that application on April 27, 2016.  *Id.*

accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A), as McCarter has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before April 12, 2018. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; see Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 29th day of March, 2018.

　　　　　　　　　　　　/s/   Wallace Capel, Jr.
　　　　　　　　　　WALLACE CAPEL, JR.
　　　　　　　　　　CHIEF UNITED STATES MAGISTRATE JUDGE